# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3163 | **DATE** | 5/9/2011 |
| **CASE TITLE** | Humphrey vs. Elgin Mental Health et al | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motions to dismiss [18][28] and dismisses this lawsuit in its entirety. All pending dates and deadlines are stricken. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On May 25, 2010, pro se Plaintiff Tony Humphrey filed the present race discrimination claim against his former employer Defendant Elgin Mental Health Center (the "Center"), which is part of the Illinois Department of Human Services, as well as Defendant Darek Williams, and Defendant AFSCME Council 31 ("AFSCME") based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Before the Court is the Center's and Williams' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and AFSCME's motion to dismiss pursuant to Rule 12(b)(6). For the following reasons, the Court grants Defendants' motions and dismisses this lawsuit in its entirety.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). In determining a Rule 12(b)(6) motion, courts may consider exhibits attached to the pleadings if the complaint refers to the document at issue or if the document is central to the plaintiff's claims. *See McCready v. eBay, Inc.,* 453 F.3d 768, 891 (7th Cir. 2006); Fed.R.Civ.P. 10(c).

## BACKGROUND

The Center hired Humphrey on or around December 1, 1998 and his most recent position with the Center was as a Security Therapy Aid. Humphrey maintains that during his employment at the Center he was suspended in 2006 because he was arrested and charged with a felony. In addition, Humphrey alleges that two white employees were charged with felonies, but were not forced to resign like he was. Humphrey filed a Charge of Discrimination with the EEOC on January 15, 2010 against the Center and the EEOC issued his right-to-sue letter on February 22, 2010.

In the Center's and Williams' motion to dismiss, they maintain that on or about June 19, 2009, Humphrey, through his AFSCME representative, and the Center entered into a settlement agreement concerning a discharge action the Center brought against Humphrey. Defendants attach the relevant settlement agreement to their motion. (R. 28-1, Ex. A.) In the agreement, the union agreed to withdraw Humphrey's grievances in exchange for Humphrey's resignation. Pursuant to the agreement, Humphrey received back wages and agreed to "refrain from initiating ... judicial proceedings ... arising out of this discharge action or the circumstances that led to the filing of the charges resulting in the discharge." (*Id.* ¶ 5.)

## ANALYSIS

**I.      Title VII Claim**

Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), from his Complaint it appears that Humphrey is bringing his Title VII claim against all named Defendants. In his response to the present motions, however, he clarifies that he is only bringing his Title VII claim against his former employer, the Center. This is proper because not only are Williams and AFSCME not identified in Humphrey's EEOC charge, but Title VII claims are generally maintained against employers. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1089 (7th Cir. 2008) ("a party not named as the respondent in an EEOC charge may not be sued under Title VII"); *Salas v. Wisconsin Dep't of Corr.,* 493 F.3d 913, 926 (7th Cir. 2007) (Title VII cases are against employers, not individuals).

Meanwhile, Humphrey is barred by the Eleventh Amendment to the United States Constitution from seeking money damages against the Center because it is part of the Illinois Department of Human Services. In particular, the Eleventh Amendment bars actions in federal courts against state agencies and their officials, such as the Illinois Department of Human Services. *See Indiana Protection & Advocacy Servs. v. Indiana Family & Social Serv.,* 603 F.3d 365, 370 (7th Cir. 2010). The Eleventh Amendment, however, does not bar a lawsuit for prospective injunctive relief if the complaint alleges an ongoing violation of federal law. *See id.* at 371; *Keri v. Board of Tr. of Purdue Univ.,* 458 F.3d 620, 641 (7th Cir. 2006). Although Humphrey's request for reinstatement can be characterized as prospective relief, his Title VII claim cannot be reasonably construed as ongoing because he resigned from the Center pursuant to a settlement agreement in which he received the remedy of back wages. *See Sonnleitner, v York,* 304 F.3d 704, 717-18 (7th Cir. 2002). Therefore, the Court grants the Center's motion to dismiss Humphrey's Title VII claim based on the Eleventh Amendment.

## II. Section 1981 Claim Against Williams and AFSCME

Humphrey also brings a Section 1981 claim against Williams. The Eleventh Amendment bars Humphrey from seeking money damages against Williams, a state official acting in his official capacity as the Human Resource Director for the Center. *See Indiana Protection & Advocacy Servs.,* 603 F.3d at 370. And, as discussed, because Humphrey does not allege an ongoing federal violation, any claim against Williams for prospective injunctive relief also fails. *See Sonnleitner,* 304 F.3d at 717-18. Thus, the Court dismisses Williams from this lawsuit.

Finally, the Court turns to Humphrey's Section 1981 claim against AFSCME. As the Seventh Circuit explains in the context of employment discrimination claims against unions:

> The union is not the company, but the workers' agent in dealing with the company. If it discriminates in the performance of its agency function, it violates Title VII, but not otherwise. Thus a union that refuses to accept blacks as members, or refuses to press their grievances, is guilty of discrimination. But if it merely fails to effectuate changes in the workplace – if for example it urges the company to take steps to prevent harassment and the company fails to do so – the union is not guilty of discrimination, though the company is.

*E.E.O.C. v. Pipefitters Ass'n Local Union*, 334 F.3d 656, 659 (7th Cir. 2003) (standards under Section 1981 and Title VII are the same).

Here, Humphrey does not allege that AFSCME refused to press his grievance because he is black or that the union did not accept him as a member based on his race. Instead, his allegations – construed liberally – are that the Center, his employer, forced him to resign based on his race. As such, AFSCME cannot be held liable under Section 1981 because there are no allegations that the AFSCME discriminated in its performance as Humphrey's agent. *See id*. The Center and AFSCME have different responsibilities with regard to race discrimination at the workplace and AFSCME cannot be held liable for the Center terminating Humphrey's employment. *See Maalik v. Int'l Union of Elevator Constr., Local 2,* 437 F.3d 650, 653 (7th Cir. 2006) ("Title VII makes both employers and unions liable for their own conduct").

Moreover, in his response to AFSCME's motion to dismiss, Humphrey argues that the union told him that not only would he get back wages if he resigned, but that he would also be reinstated at another facility. Humphrey's claim, however, is not based on race, but on the fact that he is not happy with the outcome of his grievance proceedings. It is well-settled that for a claim to be actionable under Section 1981, the claim must be based on unlawful race discrimination. *See Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 609-10, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Here, Humphrey's claim is based on his dissatisfaction with the grievance

process. *See Dole v. Commonwealth Edison,* No. 91 C 5913, 1992 WL 332300, at *6 (N.D. Ill. Nov. 6, 1992) ("For the union's actions to be discriminatory in violation of the duty of fair representation, they must be based on invidious distinctions such as race"). Accordingly, the Court grants AFSCME's motion to dismiss.